# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 14-226V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
BRIDGET SULLIVAN, for              *
JAMES SULLIVAN,                    *   Filed: August 12, 2014
                                   *
              Petitioner,          *
                                   *
        v.                         *   Dismissal Decision;
                                   *   RCFC 12(b)(6);
SECRETARY OF HEALTH AND            *   Vaccine not covered;
HUMAN SERVICES,                    *   Denial Without Hearing
                                   *
                                   *
              Respondent.          *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Bridget Sullivan,* Pro Se Petitioner.

*Tara J. Kilfoyle,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE[1]

On March 24, 2014, Petitioner Bridget Sullivan filed an action on behalf of James Sullivan seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[2]. Petitioner alleges that James suffered chronic muscle aches, pains, tremors, immune dysfunction, and cardiac problems as a result of receiving the Pandemrix influenza ("flu") vaccine.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permit each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner did not submit a filing fee with her petition, but instead moved for leave to proceed *in forma pauperis*. On April 8, 2014, I issued an Order denying Petitioner's motion because it did not fully substantiate Petitioner's entitlement to a waiver of her filing fee in this case.[3] Thereafter on July 9, 2014, Respondent's counsel filed a motion to dismiss arguing that the vaccine at issue is not covered under the Act, and that Petitioner has not alleged that James is within the category of individuals who are eligible to receive compensation under the Act.

A Vaccine Program petition may be dismissed for failure to state a claim pursuant to the U.S. Court of Federal Claims Rule 12(b)(6). That rule requires a petitioner to provide "a short and plain statement of the claim, which shows that the petitioner is entitled to relief." *Totes-Isotner Corp. v. United States*, 594 F3d 1346 (Fed. Cir. 2010), (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544,555 (2007)); *Scanlon v. Sec'y of Health & Human Servs.*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Sept. 27, 2013) *aff'd*, 114 Fed. Cl. 135 (Fed. Cl. 2013).

In her Motion to Dismiss, Respondent correctly states that "to be entitled to compensation under the Vaccine Act, petitioner must demonstrate that James 'received a vaccine set forth in the Vaccine Injury Table.' " Resp't's Motion to Dismiss at 3 (ECF No. 6) (*citing* § 11(c)(1)(a)). In this case, Ms. Sullivan alleges that James' injuries were caused by the Pandemrix vaccine, but that vaccine is not covered under the Act. 42 C.F.R. §100.3. The Pandemrix vaccine is a monovalent flu vaccine administered in several European countries during the H1N1 pandemic. The Act, by contrast, only covers trivalent flu vaccines and other seasonal flu vaccines. *See* 42 C.F.R. § 100.3 (a)(XIV); *Aguayo v. Sec'y of Health & Human Servs.*, No. 12-563V, 2013 WL 441013, at *1 (Fed. Cl. Sp. Mstr. Jan 15, 2013). The Secretary has not published a notice of coverage with respect to this monovalent H1N1 vaccine, and Congress has not enacted an excise tax related to monovalent H1N1 flu vaccine. *Schmidt v. Health & Human Servs.*, No. 11-401V, 2011 6148590 (Fed. Cl. Sp. Mstr. Nov. 21, 2011).[4]

Because of the above, there is insufficient evidence upon which an entitlement award could be based. To receive compensation under the Program, Petitioner must prove either 1) that James suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that James suffered a "Table Injury." Further, Petitioner cannot establish James was injured by a covered vaccine.

---

[3] To date, Petitioner has never paid the filing fee nor filed a proper *in forma pauperis* motion.

[4] The Vaccine Act expressly authorizes the United States Department of Health and Human Services to revise the Vaccine Injury Table. *See* 42 U.S.C. §300aa-14(c)(1). The Act provides that the Secretary of United States Department of Health and Human Services shall "amend the Vaccine Injury Table," only after the Centers for Disease Control and Prevention "recommends a vaccine to the Secretary for routine administration to children. *Id.* The Secretary of Health and Human Services has two years from the date of the Centers for Disease Control and Prevention's recommendation within which to amend the Table. §300aa-14(e)(2). In addition, Congress must approve an excise tax providing funds for the payment of compensation related to any vaccine that the Secretary of Health and Human Services adds to the Table. See 26 U.S.C. §4131(a).

I am very sympathetic to James' plight. But it is evident from the record that Ms. Sullivan has failed to demonstrate that her son received a vaccine set forth in the Vaccine Injury Table.

**Accordingly, this case is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master